UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ALCIDE TERVALON, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 07-8752

STATE FARM FIRE & CASUALTY CO.             SECTION: R

**ORDER AND REASONS**

Before the Court is the plaintiffs' Motion to Remand.  For the following reasons, the Court GRANTS the motion.

**I.   Background**

Plaintiffs Alcide Tervalon, Jr., and Alcide Tervalon, III, own property that was damaged by Hurricane Katrina.  On August 30, 2007, the plaintiffs commenced an action in Louisiana state court against their insurer, defendant State Farm Fire & Casualty Co., seeking damages and penalties for State Farm's alleged failure to provide coverage and payment for certain claims made in connection with the property damage.  On November 15, 2007, State Farm removed the action to this Court, alleging jurisdiction under 28 U.S.C. §§ 1332, 1369(a), and 1441(e)(1)(B).  The plaintiffs filed a Motion to Remand on July 28, 2008.  State Farm has not filed an opposition to that motion.

## II. Legal Standard

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

## III. Discussion

Defendants alleged three bases of jurisdiction in their notice of removal: diversity of citizenship, jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), and "piggy-back" jurisdiction under 28 U.S.C. § 1441(e)(1)(B). The Court finds that State Farm has not met its burden of

demonstrating that jurisdiction is proper under any of these provisions.

Plaintiffs argue that the there is no diversity jurisdiction because they are not seeking damages in excess of the jurisdictional amount.  Generally, "a binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction . . . ."  *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138, 2001 WL 85834 at *2 (5th Cir. 2001) (table); *see also Hatcher v. Colonial Penn Life Ins. Co.*, 2006 WL 197031 at *2 (E.D. La. 2006).  Here, plaintiffs stipulated in their petition that "all causes of action herein do not exceed $75,000."  (R. Doc. 15-4 at ¶ 2.)  Because the plaintiffs have bound themselves with this stipulation, the amount in controversy is not met and there is no jurisdiction under 28 U.S.C. § 1332.

In its notice of removal, State Farm also asserted jurisdiction under the MMTJA.  The MMTJA grants the district courts jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident," provided that certain conditions are met.  28 U.S.C. § 1369.  State Farm alleged that Hurricane Katrina was an "accident" under § 1369, but, "[o]verwhelmingly, the courts of this district have held that Hurricane Katrina itself was not an accident under section 1369."  *Case v. ANPAC Louisiana Ins. Co.*, 466 F. Supp. 2d 781, 790 (E.D. La. 2006).  Because State Farm has

not demonstrated that there is jurisdiction under the MMTJA, the Court finds declines to uphold removal on that basis.

Finally, State Farm alleged in its notice of removal that jurisdiction was proper under the "piggy-back" provision in 28 U.S.C. § 1441(e)(1)(B). That section provides for removal where:

> the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

State Farm alleged in its notice of removal: (1) that it is a party in *Chehardy v. Wooley*, No. 2:06-cv-01672-SRD-JCW, in the Eastern District of Louisiana; (2) that *Chehardy* could have been brought under § 1369; and (3) that *Chehardy* and this case both arose out of the same accident. But the present case, which involves rain and windstorm damage directly caused by Katrina, does not arise out of the same accident as *Chehardy*, which involved the levee breaches. *See, e.g.*, *Blappert v. Hartford Ins. Co.*, 2007 WL 861174 at *3 (E.D. La. 2007) (distinguishing *Chehardy* on the basis that "the Blapperts make no allegation about levee breaches"); *see also Miknaitis v. State Farm Ins. Co.*, 2007 WL 325369 at *2 (E.D. La. 2007) ("The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the 'single accident' requirement.").

-4-

Because State Farm has not met its burden of showing that removal jurisdiction exists, the case must be remanded to state court.

## IV.  Conclusion

For the foregoing reasons, the Court GRANTS plaintiffs' Motion to Remand.  IT IS ORDERED that the proceeding is REMANDED to state court.

New Orleans, Louisiana, this <u>20th</u> day of October, 2008.

                        _____<i>Sarah Vance</i>_____
                              SARAH S. VANCE
                       UNITED STATES DISTRICT JUDGE